```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/2024

| | |
|---|---|
| HUBERT CAREY,<br><br>        Petitioner,<br><br>-against-<br><br>SUPT. PASSAGE,<br><br>        Respondent. | 21-CV-7497 (MKV)<br><br>**ORDER TO UPDATE ADDRESS** |

MARY KAY VYSKOCIL, United States District Judge:

  Petitioner Hubert Carey, proceeding *pro se*, commenced this action on September 7, 2021 by filing a petition for a writ of habeas corpus. [ECF No. 1 ("Petition")]. At that time, Petitioner resided at Midstate Correctional Facility, P.O. Box 2500, Marcy, NY 13403. All prior Orders in this case have been mailed to Petitioner at that address, without issue.

  On November 21, 2023, the Honorable Valerie Figueredo issued a Report and Recommendation recommending that the Petition be denied. [ECF No. 24]. On November 27, 2023, the Report and Recommendation was mailed to Petitioner at the address of record so that Petitioner could review the Report and Recommendation and timely file any objections. On December 11, 2023, however, the Report and Recommendation was returned to the Court as undeliverable.

  State records indicate that Petitioner was released to parole supervision on May 12, 2023. However, Petitioner has not updated the Court with his current address, as he is obligated to do. The Court has made diligent and repeated attempts to contact Petitioner, via his parole officer, in order to ascertain Petitioner's current address, without success.

  Accordingly, as set forth below, Petitioner is DIRECTED to provide an updated address to the Court within 28 days of the date of this Order. Petitioner is FURTHER DIRECTED to file any

objections to the Report and Recommendation by the same date. Respondent is DIRECTED to inform the Court, within 14 days of this Order, whether it knows of Petitioner's current address.

## DISCUSSION

Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action *sua sponte* for failure to prosecute, as long as the court notifies the petitioner. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A court may dismiss an action under Fed. R. Civ. P. 41(b), if the petitioner fails to notify the court of a new address and the court is unable to contact the petitioner. *See, e.g.*, *Abdallah v. Ragner*, No. 12-CV-8840 (JPO), 2013 WL 7118083, at *4 (S.D.N.Y. Nov. 22, 2013) ("A plaintiff is required to notify the Court when his address changes, and failure to do so is sufficient to justify dismissal of a plaintiff's complaint. . . . If [the plaintiff] does not contact the Court and update his address within the time allowed, this action will be dismissed for failure to prosecute." (citing *Fields v. Beem*, No. 13-CV-0005, 2013 WL 3872834, at *2 (N.D.N.Y. July 24, 2013) (collecting cases))).

The Court hereby notifies Petitioner that within 28 days of this Order, on or before September 18, 2024, he must (1) update the Court with his new address and (2) file any objections to the Report and Recommendation. If Petitioner does not comply with this Order within the time allowed, the Court may dismiss this action under Rule 41(b) of the Federal Rules of Civil Procedure. In the alternative, the Court may consider the Report and Recommendation to be unobjected to. *See Finkelstein v. Claudio*, No. 18-CV-2570 (VSB), 2021 WL 3511107, at *1 (S.D.N.Y. July 16, 2021); *McIver v. Comm'r of Soc. Sec.*, No. 19-CV-10264 (JPC), 2021 WL 309119, at *1 (S.D.N.Y. Jan. 29, 2021); *King v. Annucci*, No. 9:16-CV-1298 (BKS/DEP), 2017 WL 3887910, at *1 (N.D.N.Y. Sept. 5, 2017).

Additionally, within 14 days of this Order, by September 4, 2024, Respondent shall file a letter informing the Court whether it knows of the current address for the *pro se* Petitioner. *See*

*Colon v. Dep't of Corr.*, No. 20 CIV. 10130 (JPC), 2022 WL 1155915, at *1 (S.D.N.Y. Apr. 19, 2022).

## CONCLUSION

IT IS HEREBY ORDERED that within 28 days of the date of this Order, by September 18, 2024, Petitioner must (1) update the Court, in writing, with his new address and (2) file any objections to the Report and Recommendation. Failure to do so may result in dismissal of the action under Fed. R. Civ. P. 41(b) for failure to prosecute, or Petitioner's waiver of the right to object to the Report and Recommendation.

IT IS FURTHER ORDERED that within 14 days of this Order, by September 4, 2024, Respondent shall file a letter informing the Court whether it knows of the current address for the *pro se* Petitioner.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully requested to mail a copy of this Order and the Report and Recommendation [ECF No. 24] to the *pro se* Petitioner at the address of record.

**SO ORDERED.**

Date: **August 21, 2024**
New York, NY

**MARY KAY VYSKOCIL**
**United States District Judge**

3