```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/23/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HUBERT CAREY,

                      Petitioner,

        -against-

SUPT. PASSAGE,

                      Respondent.

21-CV-7497 (MKV)

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING HABEAS RELIEF**

MARY KAY VYSKOCIL, United States District Judge:

      Petitioner Hubert Carey ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1 ("Petition")]. Petitioner was sentenced in New York Supreme Court, New York County to a term of eight years' imprisonment following a jury verdict convicting him of second-degree robbery in violation of N.Y. Penal Law § 60.10(2)(a). Petitioner claims four grounds for habeas relief: (1) that the evidence was legally insufficient to support a conviction for second-degree robbery; (2) that he was denied a fair trial because the trial court rejected two of his for-cause challenges to prospective jurors during voir dire; (3) that "newly discovered evidence" establishes that Petitioner was assaulted when he committed the robbery and that the prosecutor and two witnesses committed perjury by denying that the assault occurred; and (4) that the trial court erred by refusing to instruct the jury on a lesser included offense.

      The Petition was referred to Magistrate Judge Valerie Figueredo, who issued a thorough Report and Recommendation recommending that the Court deny the Petition in its entirety. [ECF No. 24 ("R&R")]. For a recitation of the factual background and procedural history of the case as relevant to the Petition and this Order, the Court refers to the Report and Recommendation. *See* R&R 2–11. For the reasons set forth below, the Court adopts Magistrate Judge Figueredo's thorough and well-reasoned Report and Recommendation in its entirety and DENIES the Petition.

**LEGAL STANDARD**

When reviewing a report and recommendation, a district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party timely files appropriate objections to a report and recommendation, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "If no objections are filed, or where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (internal quotation marks omitted). No objections to the Report and Recommendation were filed in this case.[1] As such, the Court reviews the Report and Recommendation for clear error. *See Mannix v. Phillips*, 619 F.3d 187, 192 (2d Cir. 2010).

---

[1] A copy of the Report and Recommendation was mailed to Petitioner at his address of record, a correctional facility, so that Petitioner could review the Report and Recommendation and timely file any objections, which the Report and Recommendation specified were due fourteen days from service of the Report and Recommendation. R&R 37. On December 11, 2023, the Report and Recommendation was returned to the Court as undeliverable. State records indicate that Petitioner was released to parole supervision on May 12, 2023. However, Petitioner has not updated the Court with his current address, as he is obligated to do. *See* https://www.nysd.uscourts.gov/prose/appearing-without-an-attorney. The Court made diligent and repeated attempts to ascertain Petitioner's current address, without success. On August 21, 2024, the Court issued an Order directing Petitioner to update his address and, notwithstanding that the time for objections had passed, to file any objections to the Report and Recommendation no later than September 20, 2024. The Court specifically warned that if Petitioner failed to do so, the Court would consider the Report and Recommendation as not objected to. The Court further ordered Respondent to advise the Court if it was aware of Petitioner's current address. [ECF No. 25]. Respondent filed a letter informing the Court that it, too, was "unable to obtain any current address information for [P]etitioner." [ECF No. 26]. Petitioner has not responded to the Court's Order and has otherwise failed to update his address or to file any objections to the Report and Recommendation. Accordingly, the Court considers the Report and Recommendation to be without objection. *See Finkelstein v. Claudio*, No. 18-CV-2570 (VSB), 2021 WL 3511107, at *1 (S.D.N.Y. July 16, 2021); *King v. Annucci*, No. 9:16-CV-1298 (BKS/DEP), 2017 WL 3887910, at *1 (N.D.N.Y. Sept. 5, 2017).

**DISCUSSION**

The Court has reviewed the Report and Recommendation for clear error. The Court finds none and agrees with Magistrate Judge Figueredo that the Petition should be denied in its entirety.[2]

I. **The Petition is Timely**

Magistrate Judge Figueredo correctly articulated and analyzed the threshold issue of timeliness. Petitioner met the deadline provided for in 28 U.S.C. § 2244(d)(1) by filing the Petition less than one year after his conviction became final, *i.e.*, ninety days after the New York Court of Appeals denied his application for leave to appeal.[3] *See* R&R 10–12, 17.

II. **Petitioner's Legal Sufficiency Claim is Partially Unexhausted, Procedurally Barred, and Meritless**

Magistrate Judge Figueredo first analyzed Petitioner's claim that the evidence presented at trial was legally insufficient to convict him of second-degree robbery under New York law. Petitioner raises two arguments as to his legal sufficiency claim: (1) that he did not remove the stolen property from the store that he robbed; and (2) that there was no evidence of physical injury to the security guard that apprehended Petitioner during the course of the robbery. *See* Petition 3–5, 11–12. Both of Petitioner's legal sufficiency claims fail.

A. <u>Petitioner's Conviction Did Not Require that He Leave the Store Premises with the Stolen Goods</u>

As an initial matter, Magistrate Judge Figueredo correctly found that Petitioner's argument that the evidence was legally insufficient because he did not leave the store with the stolen goods

---

[2] Even applying the heightened standard of *de novo* review, the Court finds the Report and Recommendation to be well-reasoned and adopts it in its entirety. *See McIver v. Comm'r of Soc. Sec.*, No. 19-CV-10264 (JPC), 2021 WL 309119, at *1 (S.D.N.Y. Jan. 29, 2021).

[3] Petitioner's release to parole did not cause his habeas Petition to become moot. "Generally, a habeas petitioner's release from prison does not render that party's habeas corpus petition moot because § 2254 requires only that the petitioner be 'in custody' at the time the petition is filed." *Paulin v. Grady*, No. 14-cv-10128 (NSR)(PED), 2016 WL 4509068, at *2 (S.D.N.Y. Aug. 24, 2016) (quoting *Geraci v. Sheriff, Schoharie Cnty. Jail*, No. 99 Civ. 0405 (GLS), 2004 WL 437466, at *1 (N.D.N.Y. Feb. 20, 2004)). Petitioner was in state custody at the time the Petition was filed.

3

was not raised on direct appeal, and is thus unexhausted. However, because Petitioner can no longer raise this claim in the state court—and he does not contend that he is innocent, explain his failure to raise the challenge on direct appeal, or contend that he was prejudiced by his failure to raise the challenge—the claim is deemed exhausted but procedurally defaulted, and is thus barred. *See* R&R 17–19.

Magistrate Judge Figueredo further correctly found that even if this claim were reviewable, it is meritless. In considering a legal sufficiency claim on habeas review, federal courts look to state law to determine the substantive elements of a criminal offense, and determine whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Coleman v. Johnson*, 566 U.S. 654–55 (2012) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Under New York law, "[a] person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof." N.Y. Penal Law § 155.05(1). "[T]he 'taking' element [of larceny] . . . is satisfied by a showing that the thief exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights." *People v. Jennings*, 69 N.Y.2d 103, 118, 504 N.E.2d 1079 (1986).

Evidence at trial established that Petitioner removed several pairs of shoes from boxes inside the store, placed the shoes in his backpack, and walked past the cash registers and toward the store's exit, where Petitioner was apprehended by a security guard, Charisse Philbert. Petitioner engaged in a struggle with Ms. Philbert and another security guard, Xavier Ramirez,

during which the security guards recovered the shoes prior to Petitioner's leaving the store. R&R 4, 24.

The New York Court of Appeals has held that "a shoplifter who exercises dominion and control over the goods wholly inconsistent with the continued rights of the owner can be guilty of larceny even if apprehended before leaving the store." *People v. Hardy*, 26 N.Y.3d 245, 250, 43 N.E.3d 734 (2015) (quoting *People v. Robinson*, 60 N.Y.2d 982, 983–84, 459 N.E.2d 483 (1983)). Magistrate Judge Figueredo properly concluded that the evidence at trial was legally sufficient for any rational trier of fact to have found, beyond a reasonable doubt, that Petitioner exercised dominion and control over the shoes, inconsistent with the rights of the store, even though Petitioner did not in fact leave the store with the shoes. *See People v. Barksdale*, 50 A.D.3d 400, 401, 858 N.Y.S.2d 5 (1st Dep't 2008); *People v. Brown*, 226 A.D.2d 242, 243, 641 N.Y.S.2d 612 (1st Dep't 1996); R&R 24–25. Thus, this procedurally barred claim would fail on the merits in any event.

B. Petitioner Caused Physical Injury

Petitioner next asserts, with respect to his legal sufficiency claim, that the evidence was insufficient for the jury to have found that Ms. Philbert suffered physical injury. As relevant here, a person is guilty of second-degree robbery "when he forcibly steals property" and "[i]n the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime" "[c]auses physical injury to any person who is not a participant in the crime." N.Y. Penal Law § 160.10(2)(a). The evidence at trial established that Petitioner bit Ms. Philbert on both of her hands during their struggle over the shoes, an injury which Ms. Philbert described as initially causing pain at a level six to seven on a scale of one to ten. Ms. Philbert went to the hospital for treatment, where a nurse observed her condition and recounted at trial that Ms. Philbert had "skin

peeled back on both hands" in a "flap like" wound. R&R 21. Ms. Philbert testified that she experienced pain for a week, bruising and cuts for two weeks, and that she took three days off from work to deal with her injuries. R&R 22.

"[P]etty slaps, shoves, kicks and the like delivered out of hostility, meanness and similar motives are not within the definition" of physical injury. *Matter of Philip A.*, 49 N.Y.2d 198, 200, 400 N.E.2d 358 (1980). However, precedent from the New York Court of Appeals supports, in circumstances largely analogous to the facts in this case, that a bite wound sustained by a victim in a struggle during a burglary qualifies as physical injury sufficient to support a conviction for second-degree robbery. *See People v. Chiddick*, 8 N.Y.3d 445, 446–48, 866 N.E.2d 1039 (2007). That is so particularly when, as here, the victim's pain was more than trivial, and when the "defendant's motive was to make [the apprehender] let go of him: the whole point of the bite was to inflict as much pain as he could." *Id.*; *see* R&R 22–23. Accordingly, Magistrate Judge Figueredo correctly concluded that the evidence presented at trial was legally sufficient for any rational trier of fact to have found, beyond a reasonable doubt, that Petitioner inflicted physical injury.

### III. Petitioner's Jury Selection Claim is Not Cognizable on Habeas Review

Magistrate Judge Figueredo next considered Petitioner's claim that he was denied a fair trial because the trial court denied Petitioner's for-cause challenges to two prospective jurors, both of whom were ultimately struck by Petitioner's peremptory challenges and did not sit on the jury at Petitioner's trial. *See* Petition 3, 5–6. Magistrate Judge Figueredo correctly concluded that this claim, although it is properly exhausted, is not cognizable on habeas review. *See* R&R 25–27.

"[P]eremptory challenges are not of constitutional dimension," and "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that

result does not mean the Sixth Amendment [right to an impartial jury] was violated." *Ross v. Oklahoma*, 487 U.S. 81, 88 (1988). Thus, even if the trial judge erred in denying Petitioner's for-cause challenges, Petitioner's jury selection claim is not cognizable because Petitioner has not asserted that the empaneled jury was impartial. *See United States v. Perez*, 387 F.3d 201, 208 (2d Cir. 2004); *Brito v. Keyser*, No. 19-CV-4197 (VEC), 2020 WL 995826, at *2 (S.D.N.Y. Mar. 2, 2020); *Toliver v. Sheahan*, No. 13 CIV. 5056 KPF, 2015 WL 2359085, at *25 (S.D.N.Y. May 18, 2015); *see also* R&R 26–27 (collecting cases). Although Petitioner raised, on direct appeal, the argument that a seated juror whom he had attempted to strike for cause, and later could not strike due to exhaustion of his peremptory challenges, was biased, *see* R&R 6–7, Petitioner does not press this argument in the Petition. *See generally* Petition. Thus, Magistrate Judge Figueredo correctly concluded that because Petitioner "has not alleged—and certainly has not shown—that any of the jurors who actually served [on his jury] should have been struck for cause," his jury selection claim is not cognizable on habeas review. R&R 27 (quoting *Murray v. New York*, No. 13CV5212-ER-FM, 2016 WL 11600770, at *5 (S.D.N.Y. Apr. 4, 2016)).

## IV. Petitioner's Perjury Claim is Unexhausted, Procedurally Barred, and Meritless

Magistrate Judge Figueredo next proceeded to consider Petitioner's claim that several witnesses committed perjury by denying that Mr. Ramirez assaulted Petitioner during the struggle at the store exit. Magistrate Judge Figueredo correctly concluded that Petitioner failed to raise this claim on direct appeal after the trial judge denied his post-judgment motion under C.P.L. § 440.10(2)(b), finding that the claim was record-based and could only be raised on direct appeal. The denial of Petitioner's claim and his subsequent failure to raise it on direct appeal is an adequate and independent state procedural ground barring federal habeas review. *See, e.g.*, *Bond v. Walker*, 68 F. Supp. 2d 287, 294–95 (S.D.N.Y. 1999), *adhered to on reconsideration*, No.

7

97CIV.3026(LMM), 2000 WL 460592 (S.D.N.Y. Apr. 19, 2000), *and aff'd*, 242 F.3d 364 (2d Cir. 2000); *Hemphill v. Senkowski*, No. 02 CIV. 7093 (DC), 2004 WL 943567, at *8 (S.D.N.Y. May 3, 2004); R&R 31–32 (collecting cases). Petitioner's perjury claim is thus unexhausted and procedurally defaulted. "[A]bsent a showing of cause and prejudice or a fundamental miscarriage of justice"—which Magistrate Judge Figueredo properly found Petitioner has not shown here—"a federal habeas court may not review a federal claim that has been defaulted in state court pursuant to an independent and adequate state procedural ground." *Hemphill*, 2004 WL 943567, at *8.

Moreover, Magistrate Judge Figueredo properly found that even if Petitioner's perjury claim were reviewable, it is meritless. "A witness commits perjury if he gives false testimony concerning a material matter with the willful intent to provide false testimony, as distinguished from incorrect testimony resulting from confusion, mistake, or faulty memory." *United States v. Monteleone*, 257 F.3d 210, 219 (2d Cir. 2001). "[P]etitioner has the burden of demonstrating, by a preponderance of the evidence, that the witness committed perjury." *Carrino v. Lee*, No. 21 Civ. 5909 (VB)(PED), 2023 WL 4304799, at *18 (S.D.N.Y. Jan. 31, 2023) (quoting *Black v. Rock*, 103 F. Supp. 3d 305, 317 (E.D.N.Y. 2015)), *report and recommendation adopted sub nom. Carrino v. Eckert*, No. 21 CV 5909 (VB), 2023 WL 4296182 (S.D.N.Y. June 30, 2023).

Petitioner has not met his burden of establishing that any witness committed perjury. The two witnesses to whom Petitioner points, Ms. Philbert and an eyewitness to the altercation, testified that they saw Mr. Ramirez push Petitioner but did not see Mr. Ramirez punch Petitioner. Petitioner has not adduced any evidence to establish that this testimony was false; the mere fact that the witnesses did not describe the altercation as an "assault" does not so prove, particularly where

Petitioner did not offer any evidence that an "assault" occurred. *See* R&R 33–34. Thus, this procedurally barred claim would fail on the merits in any event.

V. **Petitioner's Jury Instruction Claim is Not Cognizable on Habeas Review and Fails on the Merits**

Finally, Magistrate Judge Figueredo considered Petitioner's claim that the trial court erred by failing to charge the jury on a lesser included offense, which Magistrate Judge Figueredo construed to be the offense of petit larceny. Magistrate Judge Figueredo correctly concluded that this claim, although it is properly exhausted, is not cognizable on habeas review. *See* R&R 34–36 & n.7.

"The Supreme Court has held that due process requires a trial court to submit jury instructions regarding lesser-included offenses in capital cases." *Jones v. Hoffman*, 86 F.3d 46, 48 (2d Cir. 1996) (citing *Beck v. Alabama*, 447 U.S. 625, 637–38 (1980)). However, the Supreme Court and the Second Circuit have not yet decided whether this requirement pertains in non-capital cases. *See id.*; *Knapp v. Leonardo*, 46 F.3d 170, 179 (2d Cir. 1995); *Finkelstein v. Claudio*, No. No. 18-CV-2570 (VSB) (OTW), 2021 WL 3511098, at *7 (S.D.N.Y. May 27, 2021), *report and recommendation adopted*, No. No. 18-CV-2570 (VSB) (OTW), 2021 WL 5140375 (S.D.N.Y. Nov. 3, 2021). "Thus, a habeas claim that a trial court erred by not submitting lesser-included offenses in non-capital cases is not reviewable because there is no Supreme Court precedent on this issue, and thus the claim could not have been contrary to, or an unreasonable application of, clearly established federal law." *Finkelstein*, 2021 WL 3511098, at *7 (internal quotation marks omitted); *Brito*, 2020 WL 236697, at *8; *see* R&R 35 (collecting cases). Accordingly, Petitioner's jury instruction claim is not cognizable on habeas review.

Further, Magistrate Judge Figueredo correctly found that even if this claim were reviewable, it would fail on the merits, because "there is no 'reasonable view of the evidence to

9

support a finding that [Petitioner] committed the lesser offense but not the greater,' as is required under New York law to warrant submission of a lesser included offense." *Durden v. Greene*, 492 F. Supp. 2d 414, 423 (S.D.N.Y. 2007) (quoting *People v. Glover*, 57 N.Y.2d 61, 63, 439 N.E.2d 376 (1982)).  "[N]o reasonable view of the evidence suggests that Petitioner did not use force to overcome [Ms.] Philbert's resistance to [Petitioner's] retention of the stolen merchandise." R&R 36.  Thus, Petitioner's jury instruction claim would fail even if it were cognizable.

## CONCLUSION

Reviewing Magistrate Judge Figueredo's comprehensive and well-reasoned Report and Recommendation for clear error, the Court finds none.  Accordingly, the Court ADOPTS the Report and Recommendation in full.  The Petition is DENIED.  The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right.  *See* 28 U.S.C. § 2253(c)(2).  The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this Order would not be taken in good faith and thus Petitioner may not proceed *in forma pauperis* for any such appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Clerk of Court respectfully is requested to close the case.

**SO ORDERED.**

Date:  September 23, 2024
       New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**